Rachel E. Kaufman (CSB# 259353)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881
Email: Rachel@kaufmanpa.com

*Attorney for Plaintiff and the Proposed Classes*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALEXANDRA WESCHTA,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**SUNLIGHT SOLAR INC**, a California registered corporation,<br><br>*Defendant.* | Case No. '23CV1718 BEN AHG<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Alexandra Weschta ("Plaintiff Weschta" or "Weschta") brings this Class Action Complaint and Demand for Jury Trial against Defendant Sunlight Solar Inc, ("Defendant" or "Sunlight Solar") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by sending unsolicited telemarketing text messages to consumers whose phone numbers registered on the

National Do Not Call Registry ("DNC"). In addition, the Plaintiff brings this case to stop the Defendant from texting consumers who have expressly requested that the texts stop. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Weschta, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Weschta is a resident of El Cajon, California.

2. Defendant Sunlight Solar is a company registered in California, with its headquarters located in El Cajon, California. Defendant Sunlight Solar conducts business throughout this District.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction and venue is proper since Defendant has its headquarters in this District and the wrongful conduct giving rise to this case was directed from this District to Plaintiff who resides in this District.

CLASS ACTION COMPLAINT

2

# INTRODUCTION

5. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. According to online robocall tracking service "YouMail," 5.1 billion robocalls were placed in August 2023 alone, at a rate of 163.8 million per day. www.robocallindex.com (last visited September 4, 2023).

10. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and

CLASS ACTION COMPLAINT

232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

11. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

12. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

13. Defendant Sunlight Solar sells solar solutions and roofing to consumers who reside in Southern California.[3]

14. Defendant sends telemarketing text messages *en masse* to consumers to generate solar sales.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://sunlightsolarinc.com/

CLASS ACTION COMPLAINT

15. In job descriptions for an Appointment Generator Lead Setter Call Center, Sunlight Solar makes direct reference to cold calling and the necessity for telemarketing experience, which is required for applying for the position:

**Appointment Generator Lead Setter Call Center**
Sunlight Solar Inc. - El Cajon, CA
$16.50 - $25.00 an hour

**Apply Now**

Our million-dollar company is expanding rapidly and looking for experienced telemarketers to join our team.

- COLD CALL EXPERIENCE WILL BE A PLUS $
- TELEMARKETING
- NOT REMOTE, IN-THE-OFFICE JOB
- HOME IMPROVEMENT WILL BE A PLUS $
- LEAD GEN
- CRM EXPERIENCE
- SALES/TELEMARKETING EXPERIENCE NECESSARY DO NOT APPLY IF YOU DO NOT HAVE EXPERIENCE IN THIS FIELD

*If you* Don't **Fear Rejection this is for you.**

If you have Solar Experience or Lead Gen Experience this can be your next power move.

Our top reps make over $70 an hour with base pay plus commission every pay period.  4

16. Some of the text messages from Sunlight Solar are placed to consumers whose phone numbers are registered on the DNC, as per Plaintiff's experience.

17. To make matters worse, Sunlight Solar lacks a sufficient opt-out system to ensure that a consumer who notifies Sunlight Solar to stop texting them will be removed from their calling list, as per Plaintiff's experience.

---

[4] https://www.indeed.com/cmp/Sunlight-Solar-Inc./jobs?jk=9b203d79c5ead1a2&start=0

CLASS ACTION COMPLAINT

5

18. Many consumers have posted complaints online about unsolicited calls that they received from Defendant Sunlight Solar, including reports about consumers who received unsolicited calls after asking for the calls to stop, including:

- "Stop calling me. *I've asked 13 times to be taken off your list. I just got another call from one of your telemarketers* and she hung up on me when I asked her politely again to be taken off your list. I will NOT do business with you. Prior to this you cancelled on me 4 times to give me a quote. I bought a system with someone else who showed up on time and had a much better price."[5] (emphasis added)

- "Scam company that lies and *makes cold calls*. 'Andrew' called and said he got my number from my mom. Only problem is my mom doesn't live here. Stay away."[6] (emphasis added)

- "*Cold called me about going solar*. I already have solar. If you are going to bother people on their cell phones, at least put in some effort and find people who don't already have solar on their homes."[7] (emphasis added)

- "Quit calling me!!! I do not want solar!! Why do your people cuss at me when *I politely ask to be taken off your calling list*? You are obviously not a ethical company."[8] (emphasis added)

- "They've been *cold calling me for months after repeated requests to remove me from their list*. The callers are the height of rude and interrupt constantly to get their whole pitch out before I can even ask a question..."[9] (emphasis added)

- "*Continue to call after being asked multiple times to take my phone number off my list*. When I ask to be removed, callers are rude and argue with me, and then hang up. This company is not following the law. I would never use or recommend their services due to their illegal

---

[5] https://www.google.com/search?q=sunlight+solar+inc
[6] Id.
[7] Id.
[8] Id.
[9] https://www.yelp.com/biz/sunlight-solar-el-cajon?rr=1

CLASS ACTION COMPLAINT

6

- phone harassment. I've had so many calls from them. Make it STOP!"[10] (emphasis added)

- "Receiving annoying scammy marketing calls from this company with pushy sales people not saying where they're from just asking if I know if the SDGE rates are going to go up this Friday. I couldn't get a word in edgewise till I said STOP! and asked where they were calling from and *asked to be taken off the call list. Then I still got another rep calling a few hours later*. POOR marketing tactics!!"[11] (emphasis added)

- "This company *calls my cell phone 5 - 6 times a day all week. Despite asking nicely to take me off their call list, the calls keep coming in*. Yesterday, they called again and I yelled to please take me off their call list. They hung up and then 5 minutes later another person also from Sunlight called and again I yelled at the top of my lungs to stop calling me!!! I informed the person I would be filing a complaint with BBB and FTC. This is ridiculous! Today, at around 1 pm, they called again. Please help stop these people from harassing me. I have never done business with them. I owe them nothing. I am not interested in solar. They just need to stop already. Months of calls from them and me saying no is not helping. I shouldn't have to change my number for them to leave me alone. Please help!"[12] (emphasis added)

19.   In response to these texts, Plaintiff Weschta brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Classes and costs.

---

[10] Id.
[11] Id.
[12] https://www.bbb.org/us/ca/el-cajon/profile/solar-energy-contractors/sunlight-solar-inc-1126-172011047/complaints

CLASS ACTION COMPLAINT

7

## PLAINTIFF WESCHTA'S ALLEGATIONS

20. Plaintiff Weschta registered her cell phone number on the DNC on March 26, 2019.

21. Plaintiff Weschta uses her cell phone number for personal use only as one would use a landline telephone number in a home.

22. The text messages that Plaintiff Weschta received from Defendant Sunlight Solar were all received more than 31 days after Plaintiff registered her cell phone number on the DNC.

23. On or around August 16th, 2023, Plaintiff Weschta received an unsolicited text message from Defendant soliciting solar energy sales to her cell phone from 858-223-9861 stating:

> "Hi Alexandra, it's Gio from Sunlight Solar Inc. We never got a chance to complete your project. Where are you at with it? If you'd rather not talk over text, reply END."

24. Plaintiff Weschta replied to this text message demanding that Defendant to stop texting her.

25. Despite her stop request, on August 23rd, 2023 at 2:07 PM, Plaintiff Weschta received a 2nd unsolicited text message from Defendant to her cell phone from the same phone number, soliciting her for solar energy installation.

26. In response to this text message, Plaintiff Weschta immediately replied "Stop messaging me." to 858-223-9861:



27. Despite her 2nd stop request, Plaintiff Weschta received a 3rd unsolicited text message to her cell phone from Defendant Sunlight Solar on August 24, 2023 at 1:52 PM from 858-223-9861.

28. The text message shows that it was sent by Gio from Sunlight Solar Inc:



29. In response to this text message, Plaintiff's attorneys sent a demand for consent letter to Defendant Sunlight Solar on August 24, 2023 to info@sunlight4solar.com. As of September 4, 2023, no response has been received.

30. On August 29, 2023 at 2:00 PM, Plaintiff Weschta received a 4th unsolicited text message to her cell phone from 858-223-9861:



31. On August 31, 2023 at 2:09 PM, Plaintiff Weschta received a 5th unsolicited text message to her cell phone from 858-223-9861:



32. On September 9, 2023 at 1:15 PM, Plaintiff Weschta received 2 more unsolicited text messages to her cell phone from 858-223-9861:

CLASS ACTION COMPLAINT

10

33. On September 11, 2023 at 2:00 PM, Plaintiff Weschta received an 8th unsolicited text message to her cell phone from 858-223-9861:

> Today 14:00
>
> Checking in, did you get my last text? When do you have a few minutes to reconnect on your project?

34. Plaintiff Weschta has never done business with Sunlight Solar and has never given them consent to call or text her phone number.

35. The unauthorized solicitation text messages that Plaintiff Weschta received from or on behalf of Defendant Sunlight Solar have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, occupied her phone line, and disturbed the use and enjoyment of her phone.

36. Seeking redress for these injuries, Plaintiff Weschta, on behalf of herself and Classes of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

37. Plaintiff Weschta brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Sunlight Solar texted more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant texted Plaintiff.

CLASS ACTION COMPLAINT

11

**Internal Do Not Call Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Sunlight Solar texted more than one time on their residential telephone number, (2) within any 12-month period (3) for substantially the same reason Defendant texted Plaintiff, (4) including at least once after the Defendant's records reflect the person requested that they stop texting.

38. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Weschta anticipates the need to amend the Class definition following appropriate discovery.

39. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable, and Plaintiff is a member of the Classes.

40. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes.

Common questions for the Classes include, but are not necessarily limited to the following:

    (a)    Whether Defendant's conduct violated the TCPA;

    (b)    Whether Defendant placed multiple text messages within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each text message;

    (c)    whether Defendant engaged in telemarketing without implementing adequate internal policies and procedures for maintaining an internal do not call list;

    (d)    whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

41. **Adequate Representation**: Plaintiff Weschta will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff Weschta has no interests antagonistic to those of the Classes, and the Defendant has no defenses unique to Plaintiff. Plaintiff Weschta and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff Weschta nor her counsel have any interest adverse to the Classes.

42.     **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Weschta. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Weschta and the Do Not Registry Class)**

43.     Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

44.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a]

residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

45. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

46. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Weschta and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

47. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Weschta and the Do Not Call Registry Class received more than one telephone text message in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

48. As a result of Defendant's conduct as alleged herein, Plaintiff Weschta

CLASS ACTION COMPLAINT
15

and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

49. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**SECOND CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Weschta and the Internal Do Not Call Class)**

50. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

51. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose

CLASS ACTION COMPLAINT
16

behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

CLASS ACTION COMPLAINT

17

52. Defendant placed text messages to Plaintiff and members of the Internal Do Not Call Class without implementing internal procedures for maintaining a list of persons who request not to be texted by the entity and/or by implementing procedures that do not meet the minimum requirements to allow Defendant to initiate telemarketing text messages.

53. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

54. Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendant's conduct, Plaintiff and the other members of the Internal Do Not Call Class are each entitled to up to $1,500 per violation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff as the

CLASS ACTION COMPLAINT

representative of the Classes; and appointing her attorneys as Class Counsel;

b) An award of money damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Weschta requests a jury trial.

Respectfully Submitted,

**ALEXANDRA WESCHTA**, individually and on behalf of all others similarly situated,

DATED this 18th day of September, 2023.

By: /s/ *Rachel E. Kaufman*
Rachel Elizabeth Kaufman
Kaufman P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
(305) 469-5881
Email: Rachel@kaufmanpa.com

*Attorney for Plaintiff and the putative Classes*

---

CLASS ACTION COMPLAINT